UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00356-MOC-DLH

| | |
|---|---|
| **M.J. WOODS, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| **LITTLE RAPIDS CORPORATION,** | ) |
| | ) |
| Defendant | ) |

**THIS MATTER** is before the court on defendant's Motion to Dismiss (#5). The matter has been fully briefed and is ripe for review. Having considered the motion and reviewed the pleadings, the court enters the following Order.

Defendant has moved for partial dismissal of Counts Two and Three of plaintiff's Complaint (#1). The pending Motion does not address Count One, alleging breach of contract. Count Two of plaintiff's Complaint relates to the Unfair and Deceptive Trade Practices Act ("UDTPA") under N.C. Gen. Stat. § 75-1.1. Count Three asks the court to grant a permanent injunction.

**FINDINGS AND CONCLUSIONS**

**I.	Background**

This is a case of hot water over a "hot melt" process. The parties were subject to a License Agreement that was modified and extended over several years. *Inter alia*, the license granted in that Agreement was specifically related to a "hot melt" process used in the manufacture of cosmetic pads. A dispute boiled over and plaintiff brought suit.

In part, plaintiff's Complaint (#1) alleges that the defendant is in breach of this License Agreement for making products using plaintiff's know-how and "hot melt" process without paying the requisite royalties (¶ 29). The instant Motion alleges that the core contract dispute should proceed (Count One) but the court should dismiss Counts Two and Three.

**II.     Count Two: Unfair and Deceptive Trade Practices**

    **A.     Applicable 12(b)(6) Standard**

In determining whether a claim can survive a motion under Rule 12(b)(6), the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) that the "no set of facts" standard only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." <u>Id.</u> at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." <u>Id.</u> at 561 (alteration in original).

Post <u>Twombly</u>, to survive a Rule 12(b)(6) motion to dismiss, a claimant must allege facts in his complaint that "raise a right to relief above the speculative level." <u>Id.</u>, at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

<u>Id.</u> (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." <u>Id.</u>, at 557. Instead, a claimant must plead sufficient facts to state a claim for relief that is "*plausible* on its face." <u>Id.</u> at 570 (emphasis added).

Post-Twombly, the Court revisited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at 678. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability ...." Id. While the court accepts plausible factual allegations made in a claim as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts. Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

However, to survive a motion to dismiss, a plaintiff need not demonstrate that his right to relief is probable or that alternative explanations are less likely; rather, he must merely advance his claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. If his explanation is plausible, his complaint survives a motion to dismiss under Rule 12(b)(6), regardless of whether there is a more plausible alternative explanation.

B.     **Judicial Review under the UDTPA**

To state a cause of action under the UDTPA, plaintiffs must allege the following: (a) conduct constituting an "unfair or deceptive act or practice;" (b) conduct "in or affecting commerce," and (c) that such conduct proximately caused actual injury to plaintiff. Food Lion, Inc. v. Capital Cities/ABC Inc., 951 F. Supp. 1224, 1230 (M.D.N.C. 1996). Under North Carolina law, the conduct sufficient to constitute an unfair or deceptive trade practice "is a somewhat nebulous concept," and depends on the circumstances of the particular case. Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond, 80 F.3d 895, 902 (4th Cir.1996). One thing is clear, however: "[O]nly practices that involve '[s]ome type of egregious or aggravating circumstances' are sufficient to violate the U[D]TPA." S. Atl. Ltd. P'ship of Tenn. v. Riese, 284 F.3d 518, 535 (4th Cir. 2001) (quoting Dalton v. Camp, 353 N.C. 647, 548 S.E.2d 704, 711 (2001)). Generally, a trade practice will only be deemed "unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Marshall v. Miller, 302 N.C. 539, 276 S.E.2d 397, 403 (1981).

C. **Discussion**

The core of this dispute is the breach of the License Agreement. Accordingly, defendant's Motion would have the case proceed solely on the basis of Count One, the breach of contract action.

The court will follow the guidance of the Fourth Circuit's decision in <u>Broussard v. Meineke Disc. Muffler Shops, Inc.</u>, "[g]iven the contractual center of this dispute," the plaintiff's "[Chapter §75-1.1] claims are out of place." 155 F.3d 331, 347 (4th Cir. 1998). The <u>Broussard</u> court also noted that "courts differentiate between contract and deceptive trade practice claims, and relegate claims regarding the existence of an agreement, the terms contained in an agreement, and the interpretation of an agreement to the arena of contract law." <u>Id.</u> (quoting <u>Hageman v. Twin City Chrysler–Plymouth Inc.</u>, 681 F.Supp. 303, 306–07 (M.D.N.C.1988)).

The court applies the law of North Carolina, specifically N.C. Gen. Stat. § 75-1.1, and notes that "North Carolina courts routinely dismiss UDTPA claims asserted in simple breach of contracts cases." <u>A-1 Pavement Marking, LLC v. APMI Corp.</u>, No. 07 CVS 3186, 2008 WL 2974103, at *5 (N.C. Super.Ct. Aug. 4, 2008) (J. Diaz). For courts applying the UDTPA, "actions for unfair or deceptive trade practices are distinct from actions for breach of contract, and ... a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C.G.S. § 75–1.1." <u>Mitchell v. Linville</u>, 148 N.C. App. 71, 75, 557 S.E.2d 620, 623 (2001) (quoting <u>Branch Banking and Trust Co. v. Thompson</u>, 107 N.C.App. 53, 62, *disc. review denied*, 332 N.C. 482 (1992)).

A breach of contract, by itself, does not manifest itself as a violation of the UDTPA. See Branch Banking, 107 N.C.App. at 62. Instead, plaintiff must show "substantial aggravating circumstances attending the breach to recover under the Act." Johnson v. Colonial Life & Accident Ins. Co., 173 N.C.App. 365, 370 (2005). Moreover, a UDTPA violation is "unlikely to occur during the course of contractual performance, as these types of claims are best resolved by simply determining whether the parties properly fulfilled their contractual duties." Mitchell, 148 N.C. App. at 75 (2001) (internal citations omitted).

In this case, the court cannot find "substantial aggravating circumstances attending the breach" that would leave it to resolve both the contractual claim and a distinct UDTPA claim. Here, the plaintiff has alleged several circumstances, including the limitation in finding a new licensed manufacturer, which purport to be "substantial aggravating circumstances." Pl. Resp. Br. (#7) at 3-4. While the court acknowledges that these circumstances, if true, could have been substantial and potentially aggravating for the plaintiff, they do not transform defendant's actions into a UDTPA violation. Accordingly, the court will grant defendant's Motion to Dismiss with regard to Count Two, the UDTPA claim.

**III.    Count Three: Permanent Injunction**

Regarding Count Three, the plaintiff has acknowledged that the request for a permanent injunction is "not a cause of action, but rather a request for the *remedy* of a permanent injunction." Pl. Resp. (#7) at 5 (emphasis added by the court). "[C]laims for injunctive relief do not exist as unique causes of action per se." Eli Research, Inc. v. United Communications Group, LLC, 312 F.Supp.2d 748, 764 (M.D.N.C .2004) (citing Shugar v. Guill, 304 N.C. 332, 335 (1981)). Equitable relief may be sought in an *ad damnum* clause or as part of a prayer for relief.

Clark Material Handling, Inc. v. Toyota Material Handling, U.S.A., Inc., No. 3:12-CV-00510-MOC, 2012 WL 6108687, at *3 (W.D.N.C. Oct. 26, 2012), aff'd, No. 3:12CV510, 2012 WL 6107682 (W.D.N.C. Dec. 10, 2012). Here, plaintiff has alleged a remedy as a cause of action, but it should not be fatal to the ultimate decision of whether such relief should be granted. Instead, "such allegations will ... be considered as part of the prayer for relief or *ad damnum* clause as if fully set out therein." Baldwin v. Duke Energy Corp., No. 3:12-cv-212, 2012 WL 3562402, *1 (W.D.N.C. August 17, 2012). Accordingly, as per Baldwin, the Motion to Dismiss will be granted as to Count Three, but such request for a remedy is incorporated by reference into plaintiff's prayer for relief or *ad damnum* clause without the need for further amendment.

## IV.  Conclusion

Things got heated between these two companies related to the licensing of a "hot melt" process. The License Agreement, a contract, is at the core of this dispute. The defendant's Motion to Dismiss would allow the case to proceed under Count One, the core contractual dispute. Count Two, a claim under the UDTPA, will be dismissed as the plaintiff has not plausibly alleged "substantial aggravating circumstances" attending the alleged breach of contract. Count Three, praying for the relief of a permanent injunction, is more properly categorized as a remedy rather than a cause of action itself. Similar to Baldwin, supra, the court will dismiss Count Three and incorporate it by reference elsewhere without further amendment.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#5) is **GRANTED** for the reasons stated above.

The Motion is **GRANTED** with regard to Count Two of plaintiff's Complaint (#1) and this cause of action is dismissed.

The Motion to Dismiss is **GRANTED** with regard to Count Three of plaintiff's Complaint (#1), and the allegations contained in such request for relief are incorporated by reference into plaintiff's prayer for relief or *ad damnum* clause without further amendment.

Signed: December 30, 2016

Max O. Cogburn Jr
United States District Judge