UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

M.J. WOODS, INC.,

        Plaintiff,

Case No. 1:16-cv-000356

v.

LITTLE RAPIDS CORPORATION,

        Defendant.

# PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and based upon the agreement and stipulation of the parties, this Protective Order is hereby adopted and entered by the Court. In the absence of a contrary agreement of the parties or further Order by the Court, all information and documents produced in the course of discovery in the above-captioned action shall be subject to the following:

1. *Definitions*.

    a. "Classified Information" means all "CONFIDENTIAL INFORMATION" and "ATTORNEYS EYES ONLY INFORMATION."

    b. "CONFIDENTIAL INFORMATION" means any information determined by the producing party, or a party to this litigation if the document or information is produced by a non-party, acting in good faith, to include non-public proprietary, business, technical, or financial information, commercially or competitively sensitive information, including confidential research or development information, trade secrets, or medical or personal information which implicates privacy interests.

    c. "ATTORNEYS EYES ONLY INFORMATION" means that Confidential Information determined by the producing party, or a party to this litigation if the document or information is produced by a non-party, acting in good faith, to be of such a fundamentally sensitive nature that disclosure to an opposing party has the potential to cause economic harm or significant

competitive disadvantage to the producing party, or to be detrimental to the producing party's interests.

2. M.J. Woods, Inc. and Little Rapids Corporation, may in their sole discretion designate any documents or other information produced during discovery as "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" if they, in good faith, believe that the designated material falls within the definitions set forth above. A party shall have the same right to designate as "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" any documents or other information produced by a non-party, subject to the terms set forth in Paragraph 3 below.

3. A party that receives documents, including electronically stored information, pursuant to a subpoena shall promptly notify the counsel of record for the other party within five (5) business days of receipt. Counsel for the other party shall then bear the responsibility of requesting, within five (5) business days of the notice, a copy of any responsive documents from the receiving party. The other party shall bear the reasonable costs of obtaining a copy of any responsive documents from the receiving party. All parties will have fifteen (15) days from the date of receipt of the documents in which to designate the documents or information "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION," where appropriate ("Review Period"). During the Review Period, all documents shall be temporarily treated as ATTORNEYS EYES ONLY.

4. Designation of Classified Information must be made by placing or affixing on each page of the document, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS EYES ONLY," in order to clearly signify that the document includes Classified Information.

5. If a party believes that any material produced or disclosed in the course of discovery has been improperly designated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION, it may, at any time, contest the appropriateness of that designation by notifying the designating party (or non-party) in writing and identifying the particular information or material for which the designation is contested. If the parties (or non-parties) are unable to come to an agreement regarding the contested designation within 10 business days of the notice contesting the designation, a party may challenge the designation by filing a motion with the Court. The movant must accompany such a motion with a statement demonstrating that it has made a good faith effort to resolve the challenge through discussion with the designating party (or non-party). In any such challenge, the designating party (or non-party) bears the burden of proving that its designation complies with the terms of this Protective Order.

6. Subject to Paragraphs 10 and 11 of this Order, documents or other information marked as CONFIDENTIAL INFORMATION may be used only in connection with the above-captioned litigation and shall not be disclosed, displayed, shown, made available, or communicated in any way to anyone other than the following:

  a. The parties;

  b. The parties' counsel along with their partners, associates, paralegals, and/or support and office staffs;

  c. Clerks, copying services, and/or other administrative support retained to make copies of documentary Classified Information;

  d. The Court and its staff;

  e. Outside consultants and experts contracted and/or retained by a party to testify, advise, or otherwise assist in the above-captioned litigation, and the support and office staffs of such consultants and experts (collectively, "Experts"). Before disclosure to any Expert: (1) the Expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence by signing the acknowledgement attached as Appendix A, and (2) Appendix A

must be served upon the producing party with a current curriculum vitae of the Expert at least seven (7) days before access to CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION is to be given to that Expert. The producing party may object to and notify the receiving party in writing that it objects to disclosure of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION to the Expert. The parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any objection, the objecting party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

    f.    Court reporters and videographers to the extent necessary for preparing or taking testimony;

    g.    Such other persons as the Court may specifically approve after notice and hearing; and

    h.    Such other persons as the parties may agree in writing.

7. Subject to Paragraphs 10 and 11 of this Order, documents or other information marked as ATTORNEYS EYES ONLY INFORMATION may be used only in connection with the above-captioned litigation and shall not be disclosed, displayed, shown, made available, or communicated in any form to anyone, including the parties to the litigation, except for the persons identified in Paragraphs 6(b) through 6(h) above.

8. Subject to any conflicting agreement of the parties, further orders by the Court, or as may be required by law, Persons to whom Paragraphs 6 and 7 permit disclosure of CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION shall not use or communicate such information for purposes other than the conduct of this litigation, including pre-trial motions, trial preparation, trial, appeal, and/or settlement of this matter.

9. A non-party producing documents or information in the above-captioned litigation shall have the same rights as the parties to designate such material as CONFIDENTIAL

INFORMATION or ATTORNEYS EYES ONLY INFORMATION if the non-party, in good faith, believes that the designated material falls within the definitions set forth above. A non-party shall have no further rights under this Protective Order other than the ability to designate its documents and information as Classified Information. If either party contests the propriety of a designation by a non-party, the issue may be resolved by the Court at its sole discretion.

10. Nothing in this Protective Order shall restrict a party's use of Classified Information produced by that party.

11. Nothing in this Protective Order shall prevent a party from complying with a subpoena, court order, or other legal obligation to produce information. In the event that a party is served with a subpoena or other request calling for the production of information designated by another party as Classified Information, the served party shall notify the designating party as soon as practicable and prior to releasing or producing the Classified Information so that the designating party may take all steps that it deems necessary to protect the Classified Information.

12. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally upon counsel's examination of material designated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION, provided that in rendering such advice counsel shall not make specific disclosures of such designated material except as otherwise permitted by this Order.

13. Documents constituting Classified Information filed with the Court shall be filed under seal with the Clerk of Court in accordance with the Court's rules, including without limitation Local Civil Rule 6.1.

14. In addition to those eligible to receive Classified Information under Paragraph 6, Classified Information may be disclosed at the deposition of a witness upon a proffer, made in

advance to the producing party, that the witness has previously authored, sent, or received the Classified Information, or is otherwise independently knowledgeable about its contents. Such Classified Information may be designated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION subject to the provisions of this Order. To the extent practicable, the court reporter shall segregate designated Classified Information disclosed during a deposition into a separate transcript, which shall be marked in the manner described in Paragraph 4 and disclosed only to those persons authorized by this Protective Order to receive CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

15. If any party elects to use Classified Information at trial, that party shall give notice of its intention to the Court and the other party at or before the final pretrial conference in this matter. Any party may move the Court for an order, upon good cause shown, that the foregoing notice requirement shall not apply to a particular document or item of information. The parties understand and agree that good cause may include, without limitation, the need to impeach or rebut surprise testimony or testimony that is outside the scope of a witness's previous statements.

16. Disclosure of Classified Information pursuant to the terms of this Protective Order shall not waive the confidentiality of Classified Information or objections to production. The inadvertent, unintentional, or *in camera* disclosure of Classified Information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality. Documents or deposition testimony including Classified Information that are unintentionally produced or disclosed without designation may be retroactively designated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION by giving written notice to the opposing party and marking the material as described in Paragraph 4. Any such retroactive designation will not affect

the propriety of any prior disclosure of the Classified Information at issue. No proof of error, inadvertence, or excusable neglect shall be required for any such redesignation.

17. Consistent with the Protective Order entered by the Court in its February 3, 2017 Pretrial Order and Case Management Plan [ECF No. 16], the inadvertent or unintentional disclosure of material that is subject to the attorney-client privilege or attorney work product doctrine shall not operate as a waiver of such privileges, subject to the requirements of Rule 502(b) of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. Privileged documents inadvertently produced may be "clawed back" by the party that produced them within 14 days of being served with written notice of the inadvertent disclosure by the party who received the document.

18. Nothing in this Protective Order, and no action taken pursuant to it, shall prejudice the right of any party to contest the relevancy, admissibility, or discoverability of any information sought or produced in the above-caption litigation.

19. Nothing in this Protective Order shall prevent any party from seeking a modification of the Protective Order or otherwise objecting to discovery that it believes to be improper.

20. Unless otherwise agreed by the parties or ordered by the Court, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. Within forty-five (45) days after dismissal or entry of final judgment not subject to further appeal, all Classified Information shall be returned to the producing party, upon request, unless: (1) the document has been offered into evidence or filed without restriction as to its disclosure; (2) the parties agree to the destruction of the Classified Information in lieu of return, to the extent practicable and permitted by law; or (3) as to documents bearing the notations, summations, or

other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding any of the above, counsel may retain attorney work product and archival copies of court filings and transcripts as necessary to maintain complete attorney files relating to the litigation.

21. Unless otherwise agreed by the parties or ordered by the Court, the obligations and other responsibilities of the parties and counsel under this Protective Order shall continue in effect after the conclusion of the litigation.

Signed: August 23, 2017

Dennis L. Howell
United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

M.J. WOODS, INC.,

        Plaintiff,

v.

LITTLE RAPIDS CORPORATION,

        Defendant.

Case No. 1:16-cv-000356

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS**
**REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____. My current employer is _____. My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____
Date _____